# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| PATTY and TOM GRABEMEYER, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-430 |
| ) | |
| MATRIXX INITIATIVES, INC., ) | |
| ZICAM LLC, and ) | |
| BOTANICAL LABORATORIES, INC., ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER

Plaintiffs filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that the Plaintiffs are residents of the state of Indiana and that Defendant Zicam LLC is a wholly owned subsidiary of Defendant Matrix Initiatives, Inc. (Compl. ¶ 2, 4.) The Plaintiff's allegations, however, inadequately establish this Court's diversity jurisdiction.

To begin, the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993). Accordingly, the Plaintiffs must amend their Complaint to state their own citizenship.

Additionally, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Plaintiffs have alleged that Zicam LLC is a wholly-owned subsidiary of Defendant Matrix Initiatives, Inc. Stated otherwise, the Plaintiffs are apparently alleging that Matrix Initiatives, Inc. is the sole member (that is, owner) of Zicam LLC. If, however, this is not the case, the Court must be advised of the citizenship of *each member* of Zicam LLC to ensure that none of its members share a common citizenship with the Plaintiffs. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Zicam LLC who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Plaintiffs are ORDERED to file an amended Complaint forthwith, properly alleging on personal knowledge their own citizenship. If necessary, the Plaintiffs must also allege the citizenship of each member of Zicam LLC, tracing the citizenship of unincorporated associations through all applicable layers of ownership as needed.

SO ORDERED.

Enter for December 14, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge